NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0100n.06

No. 10-3756

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Jan 27, 2012**
LEONARD GREEN, Clerk

| | |
|---|---|
| FEDERAL WAREHOUSE COMPANY, ) | |
| ) | |
| Plaintiff-Appellant, ) | |
| ) | |
| v. ) | ON APPEAL FROM THE |
| ) | UNITED STATES DISTRICT |
| NATIONWIDE LIFE INSURANCE ) | COURT FOR THE SOUTHERN |
| COMPANY; RMTS, LLC, ) | DISTRICT OF OHIO |
| ) | |
| Defendants-Appellees. ) | |

**BEFORE: SUHRHEINRICH, GIBBONS and McKEAGUE; Circuit Judges.**

**PER CURIAM.** This case arises from an insurance contract dispute between Plaintiff Federal Warehouse Company (Federal) and Defendant Nationwide Life Insurance Company (Nationwide). Federal maintains a self-funded employee benefit welfare plan (the Plan) and purchased a claims paid, stop-loss insurance policy from Nationwide. RMTS, LLC (RMTS) serves as Nationwide's underwriter. The policy promised to reimburse Federal for losses incurred from July 1, 2005 through June 30, 2007 and paid from July 1, 2006 through June 30, 2007.

Patient, a covered person under the policy, passed away on June 30, 2007.[1] Aware that Patient's death was imminent and that a loss incurred after June 30, 2007, would not be covered under the parties' contract, Federal procured Patient's hospital's interim billing on June 29, 2007. That same day, Federal transferred sufficient funds to cover Patient's medical costs into the Plan's

---

[1] Patient's name has been withheld from all public filings in accordance with the Health Insurance Portability and Accountability Act (HIPPA).

1

account and instructed its third-party processing service, HCH, to pay the claims. Although HCH prepared the checks on June 29, 2007, it neglected to mail them to Patient's healthcare providers until July 5, 2007.

On behalf of Federal, HCH sought reimbursement of Patient's healthcare costs. Acting for Nationwide, RMTS denied the request as untimely. Subsequently, Federal brought suit against Nationwide for breach of contract and vexatious delay in settling an insurance claim, and against RMTS for tortious interference with contract. The district court granted Defendants' motion for judgment on the pleadings. Federal appeals.

After carefully reviewing the district court's opinion, applicable law and the parties' briefs, we conclude that the district court was correct to grant Defendants' motion. The stop-loss insurance contract between Federal and Nationwide was neither ambiguous nor illusory, as Federal suggests. Had HCH placed the prepared checks in the mail on or before June 30, 2007, Federal's loss would have been incurred during the covered period and reimbursement would have been required. HCH's failure to mail the checks until July 5, 2007, renders Federal's insurance claim untimely. Federal's remaining claims are derivative of its breach of contract allegation; because there was no breach of contract, these claims cannot stand.

As the district court correctly analyzed the issues presented, a full written opinion by this court would serve no useful purpose. Accordingly, for the grounds stated in the district court's thorough and well-reasoned opinion dated May 24, 2010, we **AFFIRM**.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Leonard Green
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: January 27, 2012

Mr. Peter Leroux Cassady
Beckman Weil Shepardson
300 Pike Street
Suite 400
Cincinnati, OH 45202

Mr. Daniel B. Miller
Porter, Wright, Morris & Arthur
41 S. High Street
Suite 3200
Columbus, OH 43215

Mr. Terrance M. Miller
Porter, Wright, Morris & Arthur
41 S. High Street
Suite 3200
Columbus, OH 43215

Re: Case No. 10-3756, *Federal Warehouse Company v. Nationwide Life Insurance Comp, et al*
Originating Case No. : 08-00275

Dear Sir or Madam,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Michelle M. Davis
Case Manager

Direct Dial No. 513-564-7025

cc: Mr. James Bonini

Enclosure

Mandate to issue